IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRLEY GRAY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE | : | NO. 2:10-cv-507 |
| *COMMISSIONER OF SOCIAL SECURITY* | : | |

MEMORANDUM ORDER

AND NOW, this 1st day of May 2012, upon careful and independent consideration of the Report and Recommendation of U.S. Magistrate Judge Lynne A. Sitarski (Doc. No. 11), as well as Defendant's objections thereto (Doc. No. 12), it is hereby ORDERED that Judge Sitarski's Report and Recommendation (Doc. No. 11) is APPROVED and ADOPTED, subject to the clarifications set forth herein. As such, the Commissioner's objections (Doc. No. 12) are OVERRULED accordingly. Plaintiff Shirley Gray's Request for Review (Doc. Nos. 1, 6) is GRANTED. This matter is REMANDED to the Commissioner for further proceedings consistent with the Report and Recommendation and this Order. The Clerk of Court is directed to close this case for statistical purposes.

Defendant, the Commissioner of the Social Security Administration ("SSA" or "Commissioner"), lodges two objections to Magistrate Judge Sitarski's recommendation that we remand this matter to the Commissioner for further development of the record: (1) Judge Sitarski incorrectly stated the burden of proof at "Step Five" of the sequential process used to evaluate disability; and (2) Judge Sitarski erroneously concluded that the ALJ failed to properly develop the record. (See Doc. No. 12). This Court reviews *de novo* the portions of a Magistrate Judge's

1

Report to which specific objections have been filed. 28 U.S.C. § 636(b)(1)(C). In doing so, we may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. Id. Here, we accept Judge Sitarski's findings and recommendations and overrule the Commissioner's objections thereto.

The federal regulations set forth a five-step sequential process for evaluating disability in the Social Security context. 20 C.F.R. § 404.1520. At issue here is so-called "Step Five," at which the Commissioner assesses a claimant's "residual functional capacity and . . . age, education, and work experience to see if [the claimant] can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). If so, the Commissioner will find the claimant not disabled, and *vice versa*. Id.

The Commissioner objects to Judge Sitarski's observation that, at Step Five, "the burden shifts to the Commissioner to show that the claimant, given his or her age, education and work experience, has the ability to perform specific jobs that exist in the economy. Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979)." (Doc. No. 11, at 3). Specifically, the Commissioner contends that only the burden of production shifts to the Commissioner to demonstrate that alternate jobs exist in the national economy that the claimant can perform. (Doc. No. 12, at 2). As such, the SSA believes it satisfies its burden merely by showing that such jobs exist, not that a claimant such as Ms. Gray actually "has the ability to perform" those jobs. (Id.).

This Step Five burden confusion stems from the Third Circuit's less-than-precise jurisprudence on the topic. Compare Palmer v. Comm'r of Soc. Sec., 410 Fed. App'x 490, 491-92 (3d Cir. 2011) (non-precedential) ("In point of fact, we recently have indicated that the Commissioner has the *burden of proof* at step five.") (citation omitted); Smith v. Comm'r of Soc.

Sec., 631 F.3d 632, 633-34 (3d Cir. 2010) ("The claimant bears the burden of proof at steps one through four, and the Commissioner bears the *burden of proof* at step five.") (citation omitted); Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91-92 (3d Cir. 2007) ("At step five, the *burden of proof* shifts to the Social Security Administration to show that the claimant is capable of performing other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience, and residual functional capacity."); and Ramirez v. Barnhart, 372 F.3d 546, 550-51 (3d Cir. 2004) ("Unlike some of the earlier stages in the evaluation process, the *burden of proof* at step five is on the agency."), with Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) ("In this final step, the *burden of production* shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability.") (internal quotation omitted) and Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999) ("At [Step Five], the *burden of production* shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability.") (all emphases mine).

     We can resolve this apparently inconsistent precedent by recognizing that "[i]n the administrative process, the burden of proof generally encompasses both a burden of production of evidence and a burden of persuasion about what the evidence shows." Clarification of Rules Involving Residual Functional Capacity Assessments, 68 Fed. Reg. 51,153, 51,155 (Aug. 26, 2003). In other words, the "burden of production" *is part of* the "burden of proof" at Step Five. And at Step Five, the SSA has recognized that "a limited shift in the burden of proof" occurs. Id. Although the claimant bears the ultimate burden of proving his or her disability, the SSA "must provide evidence that demonstrates that jobs exist in significant numbers in the national economy

that [the claimant] can do, given [his or her] RFC [residual functional capacity], age, education, and work experience" to deny benefits at Step Five.  <u>Id.</u>  Stated differently, at Step Five the SSA is "required to prove that there is other work that [the claimant] can do, given [his or her] RFC, age, education, and work experience."  <u>Id.</u>  However, the SSA need not prove a claimant's RFC.  <u>Id.</u>

In her Report and Recommendation, Judge Sitarski referred to the "burden" on the Commissioner in general, without specifying whether she meant the "burden of proof" or "burden of production."  We believe our preceding explanation should clarify any ambiguity regarding the proper allocation of the Step Five burden.  And in any event, the Step Five burden has little to do with Judge Sitarski's (proper) determination that we should remand this matter for additional development of the record.

In brief, we agree with Judge Sitarski's thorough and well-reasoned analysis regarding the ALJ's failure to properly develop the record in Ms. Gray's case.  (<u>See</u> Doc. No. 11, at 6-15).  The Third Circuit has emphasized that "[a]n ALJ owes a duty to a *pro se* claimant to help him or her develop the administrative record."  <u>Reefer v. Barnhart</u>, 326 F.3d 376, 380 (3d Cir. 2003).  That did not happen here.  Rather, the ALJ told Gray, who was proceeding *pro se*, that *he* may need to obtain additional mental health records from Gray's provider.  The fact that Gray offered to get the records but ultimately failed does not negate the ALJ's duty; under the circumstances, the ALJ should have undertaken to obtain those records himself.

In particular, at the administrative hearing, Gray testified that she was under the care of a psychiatrist and participating in weekly psychotherapy sessions at WES Health Center.  A letter from Gray's therapist confirmed her ongoing treatment.  This should have put the ALJ on notice

4

that WES had records which could very well bear on Gray's current mental health.  Instead of requesting these records, the ALJ inexplicably concluded that "there is no record of any psychiatric treatment beyond the evaluation performed at WES in August, 2008 and a possible second visit in October, 2008."  Technically, that statement may be true.  But it is only true *because the ALJ did not request potentially critical mental health records that he knew existed*.  See Maes v. Astrue, 522 F.3d 1093, 1097-98 (10th Cir. 2008) ("when the ALJ considers an issue that is apparent from the record, he has a duty of inquiry and factual development with respect to that issue.").

The Commissioner argues that the ALJ was not required to seek-out this information.  According to the Commissioner, the "regulations explain that recontacting a physician or other medical source is necessary only if the physician's or psychologist's records are 'inadequate for us to determine whether [the claimant is] disabled . . . .'" (Doc. No. 12, at 4) (citing 20 C.F.R. §§ 404.1512(e), 416.912(e)).[1]  With that, we agree.  But the Commissioner goes further, in essence asserting that the ALJ enjoys unbridled discretion to decide what or how much evidence is "adequate" or "inadequate" to make a disability determination.  (See Doc. No. 12, at 5 ("As the finder of fact, it is the ALJ who has the discretion to determine whether the evidence is adequate to make a decision . . . . As discussed above, the ALJ has the discretion to make a determination as to whether the evidence is adequate to make a decision.")).  We cannot agree with the

---

[1]The SSA eliminated § 404.1512(e) effective March 26, 2012, thus "modifying the requirement to recontact [a claimant's] medical source(s)," ostensibly to give "adjudicators more flexibility in determining how best to obtain this information."  See generally How We Collect and Consider Evidence of Disability, 77 Fed. Reg. 10,651 (Feb. 23, 2012).  20 C.F.R. § 416.920b explains the new protocol for recontacting medical sources.  All the relevant events in this matter took place under the "old" regulations cited by the SSA, and our analysis proceeds accordingly.

Commissioner's extreme position on this point; to do so would entail endorsing the abdication of judicial review over an ALJ's factual development process.

In the Third Circuit, the amount of deference a reviewing court should afford to an ALJ's decisions regarding the development of an adequate factual record in the Social Security context, e.g., whether to (re)contact one medical provider or another because the present record is "inadequate," is an open question. See Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204-05 (3d Cir. 2008) (noting the "important prerequisite" that "recontact will proceed if 'the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled,'" but not opining on the question of deference). Some courts have taken a highly deferential approach such as the one endorsed by the Commissioner. See, e.g., Masbeth v. Comm'r of Soc. Sec., No. 06-6076, 2008 WL 2637415, at *8 (D.N.J. June 27, 2008) ("because the ALJ did not find the reports . . . to be inadequate to make a determination, . . . the ALJ was not required to recontact these physicians under 20 C.F.R. §§ 404.1512(e)."); Moore v. Comm'r of Soc. Sec., No. 08-CV-2018, 2009 WL 500732, at *14 (C.D. Ill. Feb. 27, 2009) ("Judicial review of administrative decisions is deferential, and courts must respect the authority of an ALJ to decide how much evidence is necessary in a given case. Kendrick v. Shalala, 998 F.2d 455, 458 (7th Cir.1993) ('[I]t is always possible to do more. How much evidence to gather is a subject on which district courts must respect the [Commissioner's] reasoned judgment.')."); Spurgeon ex rel. K.M. v. Comm'r of Soc. Sec., No. 1:09-cv-430, 2010 WL 1882158, at *11 (S.D. Ohio Apr. 12, 2010) (Opining that "the amount of evidence to gather is a determination which is left up to the ALJ.") (citing Kendrick, 998 F.2d at 458).

Respectfully, we disagree with these decisions to the extent they place an ALJ's

development of the record beyond judicial review.  As our sister court in the Eastern District of North Carolina aptly stated in rejecting a similar absolute deference argument:

> Although it is true that this court's role in reviewing a final decision of the Commissioner is highly deferential . . ., it is simply no response . . . to say that this court must respect the ALJ's decision to consider only that evidence which the judge in fact chose to consider and ignore the remainder. . . . Taken to its logical extreme, the Commissioner's position would effectively eviscerate judicial review of administrative action . . . In order to fulfill [our] responsibility, the court must occasionally wrestle with questions like "how much is enough," at least when the fulfillment of the ALJ's legal duties - as opposed to the propriety of his factual determinations - are at issue.

Smith v. Barnhart, 395 F. Supp. 2d 298, 301-02 (E.D.N.C. 2005).  We find this reasoning sound and persuasive.

On the other hand, consider the implications of the Commissioner's position on this issue.  According to the Commissioner, the ALJ has the discretion to determine whether the record evidence is adequate to make a decision (and, as a result, whether or not the ALJ must follow-up with a claimant's medical providers).  We doubt any ALJ would openly admit to deciding a case on an insufficient record.  As a result, *every* Social Security matter that reaches us contains an affirmation by the ALJ, implicit or explicit, that the ALJ made his or her determination on an adequate record.  If we were bound by the ALJ's own view regarding the sufficiency of that record, judicial review of this issue would be meaningless.  That simply cannot be the case.  Even under a deferential standard of review, "[t]he ALJ . . . must have evaluated all relevant evidence, Fargnoli v. Massanari, 247 F.3d 34, 40-41 (3d Cir. 2001), and explained his reasons for rejecting any such evidence, Burnett v. Commissioner of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000)."  Ridenbaugh v. Barnhart, 57 Fed. App'x 101, 104 (3d Cir. 2003) (non-precedential).

So how much deference is warranted with respect to an ALJ's record development? We believe the Seventh Circuit struck the appropriate balance in stating that "[c]oncern for the need to get on with today's cases today and reach tomorrow's cases tomorrow, rather than next month, suggests that the federal judiciary accept *reasonable assessments* by administrative officials about how much evidence is enough." Kendrick, 998 F.2d at 457 (emphasis added). Here, for the reasons Judge Sitarski explained in her Report and Recommendation, we conclude that the ALJ's failure to further develop the record in this matter by, e.g., contacting Gray's mental health provider, was unreasonable under the circumstances. Therefore, remand is required.

Finally, the Commissioner complains that "the Magistrate Judge does not explain why the ALJ should have obtained additional records when Plaintiff and her attorney failed to submit even those records Plaintiff claimed to have in her possession." (Doc. No. 12, at 5). In this regard, the Commissioner stresses (again) that the claimant has the burden of proving disability. (Doc. No. 12, at 6). We find this argument wholly unpersuasive. While *the claimant* bears the burden of proving disability, *the ALJ* shares the burden of developing an adequate factual record. See Reefer, 326 F.3d at 380. This case shows why. Proceeding *pro se*, Gray did not have all of her mental health records at the administrative hearing, but her testimony made clear that her mental health treatment was ongoing. When asked by the ALJ, Gray offered to get the records but ultimately could not do so because "they [her providers] would not turn everything over to [her]." (Doc. No. 9, at 12 (Gray Affidavit)). The ALJ, who noted at the hearing that he may need to obtain such records before rendering a decision, should have at least attempted to secure the records on his own once it became clear that none were forthcoming from Gray. In our view, his failure to do so was unreasonable in this case.

To conclude, we APPROVE and ADOPT Judge Sitarski's Report and Recommendation (Doc. No. 11), subject to the clarifications set forth in this Order.  The Commissioner's objections (Doc. No. 12) are OVERRULED, and Plaintiff Shirley Gray's Request for Review (Doc. Nos. 1, 6) is GRANTED.  This matter is REMANDED to the Commissioner for further proceedings consistent with Judge Sitarski's Report and Recommendation and this Order.  The Clerk of Court is directed to close this case for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.